Daniel DeWITT, Appellant,

v.

Officer R. F. PAIL, Wesley M. Young, Assistant Superintendent, Southern Conservation Center, Appellees.

No. 20370.

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1966.

Daniel DeWitt, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Wm. E. James, Asst. Atty. Gen., Anthony M. Summers, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before HAMLEY and BROWNING, Circuit Judges, and PLUMMER, District Judge.

HAMLEY, Circuit Judge:

Daniel DeWitt, a California state prisoner, brought this civil rights action against two prison officials to recover damages in the sum of $20,000 and to obtain his release from custody. The defendants are R. F. Pail, an officer stationed at the Chino Guidance Center of the California Department of Corrections, and Wesley M. Young, Assistant Superintendent of another California state prison facility which DeWitt describes as "Southern Conservation Center, Department of Corrections." On motion of the defendants the district court dismissed the action. DeWitt appeals.

In his complaint DeWitt alleged, in effect, that as an asserted disciplinary measure because DeWitt was purportedly assisting other prisoners with their legal problems, Officer Pail, acting under authority of state law, on March 10, 1965, confiscated legal papers which DeWitt had in his cell. These papers included a copy of a transcript and other documents which DeWitt needed in taking an appeal from his state judgment of conviction to the California District Court of Appeal, Second District, which appeal was docketed as No. 10623.

Because of the confiscation of these documents, DeWitt alleged, he was disabled from filing his opening brief on this appeal on April 5, 1965, when it was due. Therefore, on March 19, 1965, DeWitt filed a motion with the court named above for an extension of time within which to file his opening brief and for appointment of counsel to assist him. As of May 6, 1965, when he signed his complaint herein, DeWitt had not been advised of the action, if any, taken on this motion.

DeWitt also alleged in his complaint that three days after his legal papers had been confiscated at the Chino Guidance Center, he was transferred to another state prison facility. According to the complaint, DeWitt told Assistant Superintendent Young of the latter institution that court action would be brought in connection with seizure of the papers. Young replied that, if DeWitt did this, Young would transfer him back to the Chino institution " * * * and let the petitioner fight it out with them."

Defendants moved to dismiss the complaint on the ground that it did not state a claim upon which relief can be granted (Rule 12[b], Federal Rules of Civil Procedure), and upon the further ground that the complaint did not contain a short and plain statement of the claim showing that the pleader is entitled to relief (Rule 8[a] [2]). In granting the motion to dismiss, the district court did not indicate which ground or grounds were found to be meritorious.

■ The order in question dismisses the complaint, not the action. It is therefore not a final and appealable order unless there are special circumstances which make it clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make. See Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 643.

■ We find such special circumstances here in the fact that the district court issued a certificate of probable cause pursuant to 28 U.S.C. § 2253

(1964), and granted leave to appeal in forma pauperis, as provided for in 28 U.S.C. § 1915 (1964). The district court would not have taken this action unless it had determined that the action could not be saved by amending the complaint, and that the order dismissing the complaint was, in effect, one dismissing the action. The order in question is therefore appealable.

■■■ Failure, in an initial complaint, to set forth the claim by means of a short and plain statement, as required by Rule 8(a) (2), is not a ground for dismissal of an action with prejudice, since there are procedures available for correcting a vague or prolix complaint. See Glus. v. Brooklyn Eastern District Terminal, 359 U.S. 231, 235, 79 S.Ct. 760, 3 L.Ed.2d 770. Among such available procedures are those provided for in Rule 12(e), Federal Rules of Civil Procedure (motion for a more definite statement); Rule 12(f) (motion to strike portions of the pleading); Rule 15 (right to amend); Rule 16 (pre-trial procedure and formulation of issues); Rules 26–37 (depositions and discovery).[1]

This leaves for consideration the question of whether the complaint in its present form fails to state a claim upon which relief can be granted and, if so, whether the district court correctly determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make.

■■■ A complaint is not subject to dismissal upon the ground that it fails to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80; Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 647. In applying this test it is to be borne in mind that the spirit of the Federal Rules of Civil Procedure requires us to construe the pleadings most strongly in favor of the pleader. Metropolitan Life Ins. Co. v. Fugate, 5 Cir., 313 F.2d 788, 795. A liberal construction of the pleadings is especially called for where they were prepared by a layman, Downing v. New Mexico State Supreme Court, 10 Cir., 339 F.2d 435, 436.

■ As noted at the outset of this opinion, DeWitt intends this as a civil rights action, primarily invoking R.S. § 1979 (1875), 42 U.S.C. § 1983 (1964). In order to state a claim under this statute, facts must be alleged which show that the defendant: (1) while acting under color of any statute, ordinance, regulation, custom or usage of any State or Territory; (2) subjects, or causes to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Cohen v. Norris, 9 Cir., 300 F.2d 24, 30.

DeWitt alleged that defendants Pail and Young were state officers and were acting under color of state law. This was sufficient to satisfy the first of these two requirements.

As to the second requirement, DeWitt alleged, in effect, that Pail had confiscated his copy of a transcript on appeal, and other legal papers, and that this had prevented him from proceeding with his direct state appeal from his conviction and sentence.

■■■ When the efforts of a state prisoner to obtain an available state appellate review of his conviction are frustrated by the action of penal officials, there has been a violation of the Due Process Clause of the Fourteenth Amendment. Reasonable access to the courts, state and federal, is guaranteed by that clause. Stiltner v. Rhay, 9 Cir., 322 F. 2d 314, 316; Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, 636. In order to state a due process claim under R.S. § 1979, it is not necessary to allege a purpose on

---

[1] Where a plaintiff persists in violating Rule 8(a) (2), after being given an opportunity to replead, dismissal may be proper. See Corcoran v. Yorty, 9 Cir., 347 F.2d 222, 223; Agnew v. Moody, 9 Cir., 330 F.2d 868, 870–871.

the part of the defendant to deprive plaintiff of any federal right. See Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492; Cohen v. Norris, 9 Cir., 300 F.2d 24, 29.

■■■■ It is immaterial that the acts accomplishing such frustration may have been performed pursuant to prison rules. See Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215; Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453. On the other hand, prison regulations, customs and usages limiting the times and places in which inmates may engage in legal research and preparation of legal papers, and forbidding or restricting the assistance one inmate may render to another on legal matters, involve no violation of civil rights, provided the purpose or effect thereof, or the means adopted in enforcing them, is not unreasonably to hamper inmates in gaining access to the courts. See Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, 638, 640.

■■■■ It follows that if DeWitt is able to prove that Pail has, in any substantial respect, frustrated DeWitt's efforts to appeal from his conviction, he has been deprived of his rights under the Due Process Clause and is entitled to recover any damages he can prove. Since DeWitt, by applying to the appropriate state court, might have been able to obtain, with little delay, replacement copies of the transcript and other necessary court documents, it may be that the alleged frustration of his efforts to appeal is minimal and little damage can be shown.[2] This, however, is a matter to be developed at a trial of this action, and is not a ground for dismissal at the pleading stage.

■■ In addition to monetary damages, DeWitt asks for his release from custody. No such relief is available to him in this civil rights action. If the state has denied DeWitt an appeal from his conviction as an outgrowth of Pail's

alleged action in confiscating his appeal documents, DeWitt may have a basis for commencing a state court proceeding for a writ of habeas corpus and eventually, perhaps, a federal proceeding of the same nature after presently-available state remedies have been exhausted.

Subject to the limitations mentioned above, we hold that, in his complaint, DeWitt has stated a claim under which he may be able to prove a set of facts establishing that Pail has violated his civil rights and should respond in damages therefor. The action should therefore not have been dismissed as to Pail.

In our opinion, DeWitt has not stated a claim under the civil rights act against defendant Wesley M. Young.

Reversed and remanded for further proceedings consistent with this opinion.

---

2. If DeWitt's efforts to obtain replacement copies of necessary documents have proved fruitless for reasons not attributable to Pail, the latter would not be chargeable for any damage occasioned thereby.