Bergan, J.
This proceeding, commenced in 1963, by a prisoner at Attica Prison against the Warden originally sought relief based on a claim petitioner’s civil rights had been violated because he had been denied adequate dental treatment. It was later broadened to seek relief against censorship of communications by the Warden; against the imposition of discipline for helping other prisoners to prepare legal papers; and for other additional relief.
After a full hearing, the court at Special Term determined that petitioner’s claim of a failure to furnish dental care had not been substantiated and denied relief based on this claim. It was established that there had been -some physical difficulty following an operation by the prison dentist. Petitioner claimed the dentist refused, to give him further care for this condition; the dentist testified petitioner refused treatment. The proof showed that a few months later another dentist gave the petitioner successful treatment and the following year a further *436 dental examination showed the petitioner’s mouth healthy, but that the lower remaining teeth should be removed. The Special Term’s finding adverse to the petitioner on this issue has been affirmed by the Appellate Division and there is no law issue open here.
The Special Term also denied relief based on the disciplining of petitioner for aiding other prisoners preparing legal papers; and this part of the decision also was affirmed by the Appellate Division. Petitioner argues in this court that the Warden’s interference with his preparing papers for other prisoners was “ in violation of the TJ. S. and New York Constitutions ”.
It is suggested that since some prisoners are “ less mentally alert ” than others, the petitioner should be permitted to help the “less educated” in preparation of petitions for habeas corpus and other legal proceedings. Whatever constitutional rights may be" involved here, the rights of the person seeking to prepare papers do not seem important. We ought not follow the District Court in Tennessee which held otherwise (Johnson v. Avery, 252 F. Supp. 783).
There is an essential difference between obstructing a prisoner’s access to a court in his own right and a rule stopping him from drawing up legal papers for other prisoners. No prisoner has a constitutional right to draw legal papers for other people. It is not possible to deduce such a right from anything said or decided in Ex Parte Hull (312 U. S. 546).
Both the Special Term and the Appellate Division granted petitioner relief against the Warden in respect of the censorship of his communications with outside functionaries and officials and both orders enjoined the Warden in certain respects. The modification of the Special Term’s order by the Appellate Division narrowed its scope somewhat, but it nevertheless broadly restrained the Warden from certain kinds of interception and interference. The difference between the two orders seems to be the only law issue here. It is helpful to look at each order to see just what this difference is.
The Special Term order provided this: “ Ordered that the respondent be directed and instructed to cease and desist from intercepting, obstructing, or otherwise delaying any communications addressed to any court, to any law enforcement agency, *437 to any executive official of the federal or state government, and to the prisoner’s attorney”.
The Appellate Division’s order provided this: “ That respondent is hereby directed to cease and desist from intercepting and withholding any communications addressed by the petitioner to any court, any communications addressed to any executive official of the Federal or State Government concerning his complaints about unlawful treatment by prison authorities and any communications addressed to his attorney concerning the legality of his detention and treatment received while incarcerated, all however, subject to the right of the prison authorities to censor such communications and strike therefrom any material not relating to the foregoing ”.
The difference between the orders, it will be observed, is that the Special Term restrained interception and withholding of any communication addressed to any court, to any law enforcement agency, to any executive official or to petitioner’s attorney. The Appellate Division leaves this unchanged as to “any court”; it limits it, as to executive officials, to complaints of unlawful treatment; and it limits it as to petitioner’s attorney to legality of detention and treatment received.
This seems a reasonable limitation, The prisoner may write to a court about anything; he may write to executive officers about unlawful treatment, and to his attorney about legal matters and treatment.
The more arguable part of the modification is the right of the Warden to strike out material other than that which falls within the court’s specification. It-must be assumed the Warden will follow the injunction the way it reads. He will not take the risk of censoring out anything which the court has permitted, especially since this could be communicated to petitioner’s lawyer as part of the “ legality of * * * treatment ”, On
the other hand the Warden ought to have the right to censor material which is not within the broad category laid down by the Appellate Division order.
The order should be affirmed, without costs.