**Paul B. OWENS, Petitioner,**

v.

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania, Respondent.**

**Misc. No. 604.**

United States District Court
M. D. Pennsylvania.

Dec. 11, 1967.

Paul B. Owens, in pro. per.

No representation for defendant.

## MEMORANDUM

FOLLMER, District Judge.

Paul B. Owens, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, has submitted to this court a petition for writ of injunction, in forma pauperis, against the above-named respondent. He states that the respondent has instituted a rule prohibiting one inmate from assisting another in the writing of habeas corpus petitions, and contends that this rule violates his federal constitutional rights. Specifically, petitioner states that he plans to submit to the federal courts both a habeas corpus petition and a civil complaint for money damages, but is unable to do so because he has neither the legal material nor the knowledge to do so himself.

In support of his contention petitioner cites the case of Johnson v. Avery, 252 F.Supp. 783 (M.D.Tenn.1966), a district court case which held that a state prison regulation which forbid prisoners from preparing habeas corpus petitions for other prisoners was invalid because it interfered with the federal statutory right of prisoners, incapable of acting for themselves, to have someone act on their behalf. This decision has been reversed by the United States Court of Appeals for the Sixth Circuit, Johnson v. Avery, 382 F.2d 353 (1967), and is no longer good authority for petitioner's contentions.

Even before it was reversed, the decision of the district court in the Johnson case was criticized by the Court of Appeals of New York. In Brabson v. Wilkins, 19 N.Y.2d 433, 280 N.Y.S.2d 561, 562, 227 N.E.2d 383, 384 (1967), the court refused to follow the Tennessee District Court and stated, "No prisoner has a constitutional right to draw legal papers for other people." See also De-Witt v. Pail, 366 F.2d 682 (9th Cir. 1966).

Owens is not being denied access to the courts by a rule prohibiting another inmate with more legal ability from drawing his petition for him. All that is required in a habeas corpus petition is a statement of the facts on which the petitioner bases his claim that he is being held illegally. The majority of federal courts even supply printed forms designed to help the inmate present his petition in the clearest possible manner. The inmate is neither required nor expected to supply legal authority to support his contentions. Owens has previously filed a habeas corpus petition to this court, Owens U. S. ex rel. v. Russell, D.C., 260 F.Supp. 638 (1966), and it and his present petition show that he is certainly able to express himself with sufficient clarity to present his complaints effectively to a court. Therefore, he is not being denied any of his constitutional rights.

Accordingly, permission to proceed in forma pauperis will be denied, and the petition for writ of injunction will be dismissed.