963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Andrew FRIEDMAN, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Party in Interest, Defendants-Appellees.
 No. 91-15713.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1992.*
Decided May 1, 1992.
 
 Before WISDOM**, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The plaintiff-appellant, Mr. Kenneth Friedman, contends that the district court incorrectly granted summary against him in this § 1983 suit against various prison officials. Mr. Friedman also contends on appeal that the district court abused its discretion with respect to discovery and the appointment of counsel.
 
 
 3
 The district court did not abuse its discretion by denying Mr. Friedman appointed counsel in this matter. Appointed counsel is only required in a civil case when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir.1980). The district court correctly concluded that there were no exceptional circumstances present in this case.
 
 
 4
 The district court did not abuse its discretion in limiting the discovery process. First, the protective order relieving the defendants from answering certain interrogatories was entirely proper. The interrogatories in question sought information pertaining to the defendants' social and personal lives. Such information is irrelevant to any issue in this suit. Second, the court did not err by refusing to compel more specific answers to Mr. Friedman's requests for admissions. The defendants fully answered each request. Finally, the district court did not unduly hinder Mr. Friedman's ability to take oral depositions. The court allowed Mr. Friedman to take oral depositions, but he failed to do so.
 
 
 5
 The district court correctly granted summary judgment. Summary judgment was proper on the issue of the disciplinary charges against Mr. Friedman because these charges were reversed on internal prison appeal. This appeal resulted in a fair determination and Mr. Friedman's due process rights were thus protected. Further, Mr. Friedman was unable to show that the defendants had failed to expunge this disciplinary action from his prison records. Summary judgment was also proper on the issue of Mr. Friedman's loss of his law library job. Mr. Friedman has not shown that state law creates a cognizable liberty interest in maintaining a prison job or release credits. See, Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 843-45 (9th Cir.1985) and Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir.), cert. denied, 469 U.S. 839 (1984) ("Whatever liberty or property interests inhere in prison employment are the product of state law"). Nor has Mr. Friedman demonstrated that the loss of this job denied him access to the courts. Mr. Friedman thus failed to demonstrate any constitutional dimension to this issue.
 
 
 6
 Finally, summary judgment was proper on the issue of the alleged seizure of the audio cassettes. Mr. Friedman failed to show that the retention of these tapes denied him meaningful access to the courts. Sands v. Lewis, 886 F.2d 1166 (9th Cir.1989). A deprivation of legal materials can constitute a denial of access to the courts. See, e.g., DeWitt v. Pail, 366 F.2d 682 (9th Cir.1966). Nevertheless, although Mr. Friedman asserts that the tapes contain legal material, he failed to support these contentions in his opposition to the defendants' motion for summary judgment. Because Mr. Friedman failed to show that the tapes in question contained protected information, he failed to show a constitutional violation.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable John Minor Wisdom, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3