988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin HARRIS, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 92-16246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-91-02090-JPV, John P. Vukasin, Jr., District Judge, Presiding.
 N.D.Cal.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Harris, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint before service of process.[1] Harris alleged that prison officials improperly confiscated, stored, and destroyed his personal property and legal materials. We have jurisdiction under 28 U.S.C. § 1291.[2] We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm in part and reverse and remand in part.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Lopez v. Department of Health Serv., 939 F.2d 881, 882 (9th Cir.1991) (per curiam).
 
 A. Deprivation of Personal Property
 
 4
 Where the deprivation of property results from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfies due process requirements. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 330-33 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.1989). State postdeprivation remedies have also been held sufficient for due process purposes in cases of intentional, unauthorized actions. Hudson v. Palmer, 468 U.S. 517, 530-33 (1984); Taylor, 871 F.2d at 805. If the deprivation of property results from an "established state procedure," the availability of postdeprivation remedies is constitutionally inadequate. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982).
 
 
 5
 In his amended complaint, Harris's alleged that on 1 June 1991 defendant Rose entered his cell, removed legal documents and personal property, and destroyed the items which were removed from the cell. Harris also alleged that the defendants' actions demonstrate their "failure to follow their own policies concerning personal property and legal property."
 
 
 6
 Harris's allegations show that his personal property and legal documents were not destroyed pursuant to an "established state procedure." Thus, a hearing prior to the taking and destruction of Harris's personal property was not required by the constitution. See Logan, 455 U.S. at 436. Because Harris has alleged nothing more than "unpredictable negligent acts" or "intentional, unauthorized actions" of state agents, the availability of postdeprivation state remedies is sufficient for due process purposes. See Palmer, 468 U.S. at 430-33; Parratt, 451 U.S. at 543-44; Taylor, 871 F.2d at 805. In addition, Harris has not alleged that he has an insufficient postdeprivation state remedy. Therefore, Harris's claim is based on an "indisputably meritless legal theory," and the district court did not abuse its discretion in dismissing the claim as frivolous. See Hernandez, 112 S.Ct. at 1734; Neitzke 490 U.S. at 327.
 
 B. Denial of Access to Court
 
 7
 States have an affirmative obligation to ensure indigent prisoners meaningful access to court. Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989). A court must first determine whether the plaintiff alleges a denial of "adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828; Sands, 886 F.2d at 1171. "[I]f the claims do not involve such an allegation, the court must consider whether the plaintiff has alleged an 'actual injury' to court access. An 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the courts.' " Sands, 886 F.2d at 1171 (citation omitted).
 
 
 8
 A prisoner may suffer an actual injury if prison officials confiscate his legal documents and the transcript of his state court conviction before appeal. Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir.1989); DeWitt v. Pail, 366 F.2d 682, 686 (9th Cir.1966). However, the temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation. Vigliotto, 873 F.2d at 1202 (citation omitted).
 
 
 9
 Harris alleged that on 1 June 1991 defendant Rose entered his cell and removed legal documents: petitions, an opening brief, "legal paper," and a reporter's transcript. Harris alleged that the defendants destroyed these legal documents and that the confiscation and destruction of his legal materials have delayed the filing of challenges to his criminal conviction. Thus, Harris has made a sufficient showing that defendants' actions may have harmed his access to the courts. See Sands, 886 F.2d at 1171; Vigliotto, 873 F.2d at 1202. Because Harris alleged the infringement of a legal interest which clearly exists, his claim that the defendants removed and destroyed his legal documents is not frivolous. See Hernandez, 112 S.Ct. at 1734; Neitzke 490 U.S. at 327. Thus, the district court abused its discretion by dismissing this claim before issuance and service of process. See Hernandez, 112 S.Ct. at 1734.
 
 
 10
 We affirm the district court's dismissal of Harris's claim based on destruction of his personal property. However, we vacate the district court's dismissal of Harris's claim based on denial of access to the courts and remand for issuance and service of process.
 
 
 11
 AFFIRMED IN PART and VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Harris's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's dismissal before issuance and service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 The district court dismissed Harris's complaint with prejudice on 17 December 1991. Harris filed his notice of appeal on 23 June 1992, over six months later. His appeal is nevertheless timely because the district court did not enter a separate judgment as required by Fed.R.Civ.P. 58 and, therefore, the time for appeal never began to run. See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)