60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gregorio C. FUNTANILLA, Jr., Plaintiff-Appellant,
v.
D. ERWIN; et al., Defendants-Appellees.
 No. 94-15619.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Gregorio C. Funtanilla appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action. Funtanilla alleged that the defendants denied him access to the courts by confiscating his legal mail. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we vacate and remand.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint is frivolous "where it lacks an arguable basis in law or fact." Neitzke 490 U.S. at 325. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Lopez v. Department of Health Serv., 939 F.2d 881, 882 (9th Cir. 1991) (per curiam); see also Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980).
 
 
 4
 States have an affirmative obligation to ensure indigent prisoners meaningful access to court. Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir. 1989). A court must first determine whether the plaintiff alleges a denial of "adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828; Sands, 886 F.2d at 1171. "[I]f the claims do not involve such an allegation, the court must consider whether the plaintiff has alleged an 'actual injury' to court access. An 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the courts."' Sands, 886 F.2d at 1171 (citation omitted).
 
 
 5
 A prisoner may suffer an actual injury if prison officials confiscate his legal documents and the transcript of his state court conviction before appeal. Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir. 1989); DeWitt v. Pail, 366 F.2d 682, 686 (9th Cir. 1966). However, the temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation. Vigliotto, 873 F.2d at 1202 (citation omitted).
 
 
 6
 Here, in his amended complaint, Funtanilla alleged that the attorney representing him on direct appeal in state court mailed a copy of the trial transcript to him sometime after April, 1991. Funtanilla requested the transcripts so that he could file a supplemental brief in his direct criminal appeal. Funtanilla alleged further that the prison officials tampered with his legal mail and confiscated the trial transcript. Funtanilla alleged that he received the transcript after September 1, 1991, and that because of the defendants' action he was unable to prepare and file the supplemental brief.
 
 
 7
 We conclude that Funtanilla's allegation that the prison officials withheld the trial transcript for almost five months amounts to more than a temporary deprivation and may rise to a constitutional violation. See Vigliotto 873 F.2d at 1202; DeWitt, 366 F.2d at 686. We further conclude that Funtanilla alleged a "specific instance in which [he] was denied access to the courts." See Sands, 886 F.2d at 1171 (quotation and citation omitted). Funtanilla alleged that the defendants' confiscation of the trial transcript prevented him from filing the supplemental brief. Accordingly, we conclude that Funtanilla alleged an arguable claim and is entitled to issuance and service of process. See Lopez, 939 F.2d at 882; Broughton, 622 F.2d at 460.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3