Giovanni VIGLIOTTO, also known as Nikolai Peruskov, Plaintiff–Appellant,

v.

Frank TERRY, Major Chief of Security, Bob Goldsmith, Warden, Donald B. Wawrzaszek, Institutional Administrator, Defendants–Appellees.

No. 87–2625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 1988.

Decided Jan. 19, 1989.

Robert Catz, Cleveland, Ohio, Mark H. Shenfield, Birmingham, Ala., and Terence J. Anderson, Coral Gables, Fla., for plaintiff-appellant.

David Rich Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before GOODWIN, SNEED and HUG, Circuit Judges.

SNEED, Circuit Judge:

The district court granted summary judgment in Vigliotto's action under 42 U.S.C. § 1983 (1982) against prison officials. We affirm.

## I.

## FACTS AND PROCEEDINGS BELOW

Vigliotto is serving a sentence in the maximum security prison at Florence, Arizona. On September 16, 1983, prison officials searched Vigliotto's cell in order to remove any unauthorized materials. Although the parties disagree about how the search was conducted, it is clear that ten boxes, inventoried as "miscellaneous legal materials," were removed from Vigliotto's cell. Vigliotto claims that prison officials removed the transcript and record of his state trial, approximately 2,000 Xeroxed cases and law review articles, and numerous newspaper clippings about his trial.[1] Defendants counter that most of the seized material was "contraband," old newspapers, coupons, and other miscellaneous items. The search occurred two weeks before briefs were due in Vigliotto's appeal; he was representing himself. The material was boxed and put into storage. Vigliotto was given three days to have the material removed before it was destroyed. The girl-friend of another inmate picked up the material and later sent the boxes to Vigliotto's friend in Michigan. The boxes were later shipped back to Arizona but the public defender who represented Vigliotto at trial refused to pay the freight. The boxes were then lost.

Vigliotto filed a § 1983 action challenging the removal of the boxes. He sued Major Frank Terry, the officer who directed the search, and two other prison officials, arguing that the search deprived him of his right of access to the courts and violated the Eighth Amendment's prohibition against cruel and unusual punishment. The district court, after receiving the magistrate's recommendation, granted defendants' motion for summary judgment.

The district court ruled that Vigliotto was collaterally estopped from relitigating the denial of access to the courts because the issue was decided adversely to him in his direct appeal to the Arizona Court of Appeals. The court also ruled that the search did not violate defendant's Eighth Amendment rights.

## II.

## JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1331 (1982). This court's jurisdiction rests on 28 U.S.C. § 1291 (1982).

## III.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986).

## IV.

## DISCUSSION

A. *Access to the Courts*

█ Vigliotto's primary contention is that his deprivation of meaningful access to the courts was a violation of the due

---

**1.** Vigliotto was planning to challenge his conviction on the grounds that the publicity before and after the trial deprived him of a fair trial.

process clause of the Fourteenth Amendment. This court has held that a defendant is deprived of due process if prison authorities confiscate the transcript of his state court conviction before appeal. *DeWitt v. Pail,* 366 F.2d 682, 686 (9th Cir.1966). Other circuits have reached similar conclusions. *See, e.g., Simmons v. Dickhaut,* 804 F.2d 182, 183 (1st Cir.1986) (per curiam); *Wright v. Newsome,* 795 F.2d 964, 968 (11th Cir.1986) (per curiam); *Patterson v. Mintzes,* 717 F.2d 284, 288 (6th Cir.1983). *See generally* Annotation, *Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Interference with Access to Courts,* 23 A.L.R.Fed. 6, § 12 (1975 & Supp.1988) (collecting cases).

This is not such a case, however. At most, prison officials deprived Vigliotto of his legal materials for three days. After this time, Vigliotto's materials were picked up by a person of his choosing. Defendant Terry was not responsible for the boxes after they were removed. *See DeWitt,* 366 F.2d at 686 n. 2 ("If [the plaintiff]'s efforts to obtain replacement copies of necessary documents have proved fruitless for reasons not attributable to [the defendant official], the latter would not be chargeable for any damage occasioned thereby.").

The temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation. In *Tyler v. "Ron" Deputy Sheriff or Jailor/Custodian of Prisoners,* 574 F.2d 427, 429 (8th Cir.1978), the Eighth Circuit affirmed the dismissal of the plaintiff's complaint, holding that the deprivation of plaintiff's legal materials for several hours did not state a claim for relief under § 1983 or § 1985. *See also Holloway v. Dobbs,* 715 F.2d 390, 392 (8th Cir.1983) (per curiam) (complaint alleging that plaintiff was deprived of access to courts failed to state a claim for relief because legal materials were eventually returned to plaintiff).

While it is true that in this case prison officials were responsible for the deprivation of Vigliotto's materials for three days, it is also true that whatever the cause of the failure to recover the materials it is not the fault of the defendants. The three day

deprivation does not rise to constitutional proportion, particularly since we can take judicial notice of the fact that ten boxes of materials in a single cell obviously poses a problem to the administrators of a prison. We, therefore, hold that defendants' did not violate Vigliotto's constitutional rights by depriving him of his legal materials for three days. The district court properly granted summary judgment for defendants. We need not address the district court's conclusion that Vigliotto was collaterally estopped from litigating this issue.

**B.** *Cruel and Unusual Punishment*

In his second ground of error, Vigliotto challenges the district court's order granting summary judgment on his Eighth Amendment claim. Vigliotto argues that Major Terry's search was maliciously motivated and part of a campaign of harassment.

The Eighth Amendment protects prisoners from searches conducted only for "calculated harassment." *Hudson v. Palmer,* 468 U.S. 517, 530, 104 S.Ct. 3194, 3202, 82 L.Ed.2d 393 (1984). The Supreme Court recently refined the standard for determining whether prison authorities' conduct violates the eighth amendment.

> It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock....
>
> The general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.

*Whitley v. Albers,* 475 U.S. 312, 319–20, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

Applying this standard, the district court held that plaintiff's allegations do not describe conduct which is obdurate or wanton and resulting in an unnecessary infliction

of pain. We agree. Vigliotto's complaint contains a number of general allegations of harassing searches. These allegations, however, were not mentioned in Vigliotto's "Opposition to Motion for Summary Judgment." Although pro se complaints are liberally construed, Vigliotto's failure to be more specific leaves his claim resting only on the September 1983 search. We hold this single incident is insufficient to satisfy *Whitley*. No valid interest is served by withholding summary judgment on a complaint that wraps nonactionable conduct in a jacket woven of legal conclusions and hyperbole. The district court properly granted summary judgment on this Eighth Amendment claim.

The parties shall bear their own costs.

·AFFIRMED.