958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald E. ROGERS, Plaintiff,
and
Raymond Mason Holling, Plaintiff-Appellant,
v.
Harol L. WHITLEY; Frankie Sue Del Papa; Richard Bryan;
Jessie Walsh; George Sumner, Defendants-Appellees.
Gerald E. ROGERS, Plaintiff,
and
William McKinney, Plaintiff-Appellant,
v.
Harol L. WHITLEY; Frankie Sue Del Papa; Richard Bryan;
Jessie Walsh; George Sumner, Defendants-Appellees.
 Nos. 90-16461, 90-16462.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1992.*
Decided March 16, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After the heating system in the Nevada State Prison broke down for four weeks in the winter of 1988-89, Raymond Mason Holling and William McKinney brought a 42 U.S.C. § 1983 action, alleging that they were subjected to cruel and unusual punishment in violation of the Eighth Amendment. The district court entered summary judgment, and we affirm.
 
 
 3
 It was a record cold and the prison's system, like many others in the Reno-Tahoe area, didn't measure up. Early in the morning of December 26, 1988 steam pressure, and heat, fell. Eventually it was discovered this was caused by a leak in the steam supply system between the boiler plant and the living units. In turn, antifreeze partially drained from the heating coils in individual units, causing them to freeze and burst. The prison responded by hiring a contractor, evacuating and repairing the supply line, and ordering replacement coils. The system was not completely operational until the end of January. Meanwhile, propane heaters were placed in the rotunda of each living unit and electric heaters were installed in the wings; the electrical system could not handle the additional load of the electric heaters, however, so they were removed.
 
 
 4
 The breakdown was unfortunate and, giving full credence to what Holling and McKinney say,[1] uncomfortable. Even though a regrettable circumstance, and even assuming the prison was aware that its system might have problems surviving the winter, the failure amounts at most to negligence, not to the unnecessary and wanton infliction of pain that is the stuff of which Eighth Amendment violations are made. Whitley v. Albers, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 1083-84, 89 L.Ed.2d 251 (1986); Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neither adduces substantial evidence in proper form. However, for purposes of this appeal, we take their allegations as true