967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark LARUE, Plaintiff-Appellant,
v.
James BLODGETT, Superintendent, et al.; Ronald Van Boening,
et al., Defendants-Appellees.
 No. 91-35704.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark LaRue, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. In his action, LaRue claimed that his constitutional right of access to the courts was violated because he did not have access to an adequate law library, his correspondence with other inmates regarding legal matters was intercepted, and he was not permitted to store his personal property in his cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 * Adequate Law Library
 
 
 4
 LaRue contends that he does not have access to an adequate law library. It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Nevertheless, the constitution does not guarantee a prisoner unlimited access to a law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). The prison must only provide access to a library that meets minimum constitutional standards. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). Prison officials may regulate law library access, taking into account the security risk posed by individual prisoners. Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 5
 Here, LaRue is housed in the Intensive Management Unit ("IMU") of the Washington State Penitentiary ("WSP"). Because of his security classification, he does not have direct physical access to the main library. There is a satellite library in IMU. LaRue may request up to five books at a time from the main library through a written slip system, and such requests are filled twice a week. He also may have up to three books at a time from the IMU satellite library. When an inmate has a court-ordered deadline, prison officials attempt to turn over books at a rapid rate. In addition, WSP provides a law librarian, paid inmate clerks, and volunteers who will assist IMU inmates with research requests.
 
 
 6
 In Toussaint, we held that a system under which inmates could request up to five books a week, supplemented by legal assistance, provided constitutionally meaningful access to courts. See 801 F.2d at 1109-10; see also Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (system of satellite law libraries and inmate law clerks held constitutionally adequate for prisoners who do not have access to law library because of their security risk). Thus, WSP's system of access to law books and legal research assistance constitutes meaningful access to courts. See Toussaint, 801 F.2d at 1110. It is undisputed that this system was available to LaRue, and LaRue admits that he has received 90% of the material he has requested through this system. Accordingly, the district court correctly granted summary judgment on the adequacy of the law library available to LaRue. See Bounds, 430 U.S. at 828.
 
 II
 Inmate-To-Inmate Correspondence
 
 7
 LaRue contends that prison officials denied him access to the courts by rejecting his mail from other inmates. If a claim of denial of access to the courts does not involve one of the core requirements of Bounds, adequate law library or legal assistance, then the plaintiff must allege actual injury to state a claim. Sands, 886 F.2d at 1171. Actual injury involves some specific instance in which an inmate was actually denied access to the courts. Id.
 
 
 8
 Here, LaRue alleged that prison officials rejected some of his incoming mail from other inmates because it contained affidavits, grievances, and court decisions. He contends he needed this information to do legal research for his own cases. Because this claim does not implicate one of the core requirements under Bounds, LaRue must show actual injury to his access to the courts. See Sands, 886 F.2d at 1171. LaRue failed to establish that the interception of his mail resulted in a specific instance in which he was denied access to the courts. See id. Accordingly, the district court correctly granted summary judgment for defendants on this claim.[1]
 
 III
 Other Claims
 
 9
 LaRue also challenges the policy which limits him to keeping five of his personal documents or books in his IMU cell at a time. Prison policies which infringe on inmates' constitutional rights are valid if they are reasonably related to a legitimate penological goal. Turner v. Safley, 482 U.S. 78, 89 (1987). The temporary deprivation of an inmate's legal property does not rise to a constitutional violation. Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.1989). Here, WSP limits the amount of personal property LaRue can keep in his cell but allows him to exchange property for other property held in the property room. WSP's policy is reasonably related to the need to control the amount of material in the small IMU cells given the high security risk of IMU prisoners. See Turner, 482 U.S. at 89. Accordingly, the district court correctly granted summary judgment on this claim.[2]
 
 
 10
 LaRue also claims that if he leaves IMU and then is returned, he will be deprived of his personal property. Before a case is justiciable in federal court, plaintiff must allege an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 (1983). The plaintiff must allege a threat of injury that is both real and immediate and not conjectural or hypothetical. Portland Police Ass'n v. City of Portland, 658 F.2d 1272, 1273 (9th Cir.1981). Without immediacy and certainty of injury, the dispute is not ripe. Id. LaRue's allegation that he may be deprived of property at some undetermined date in the future, if he is released from IMU and then returned, is speculative, and he has made no showing of immediacy or certainty of harm. See id. Accordingly, the district court correctly granted summary judgment for defendants on this claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Furthermore, to the extent this claim sought to challenge WSP's policies and practice regarding inmate to inmate correspondence, it also fails. In Turner v. Safley, the Supreme Court upheld a regulation prohibiting all inmate to inmate correspondence except concerning legal matters. 482 U.S. 78, 89 (1987). Here, WSP's policy permits inmate-to inmate correspondence, and permits co-parties in lawsuits to exchange legal material. Thus, it is less restrictive than the policy in Turner which was found constitutional. See id
 
 
 [2]
 LaRue contends that he did not have notice of this claim at summary judgment. This contention lacks merit. LaRue addressed this claim in his response to defendants' motion for summary judgment