996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allace L. CORNELLIER, Plaintiff-Appellant,
v.
John AVANENTI; et al., Defendants-Appellees.
 No. 92-16885.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allace L. Cornellier, an Arizona state prisoner, appeals pro se the district court's order granting appellees' motion for summary judgment and dismissing his 42 U.S.C. § 1983 action. Cornellier claims that prison guards used excessive force when restraining him, his due process rights were violated when he was not permitted to question certain prison officials at a disciplinary hearing, and his right to access the courts was violated when he was in isolation for ten days. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. FedR.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1988). To defeat a motion for summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of the elements essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 A. Excessive Force
 
 4
 When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Factors to be considered by the district court include the extent of the injury suffered by the inmate, the need for applying force, the relationship between the need to use force and the amount of force used, the threat perceived by prison officials, and any effort made to temper the severity of the forceful response. Id.
 
 
 5
 Cornellier alleges that defendants Kline and Pickard used excessive force on him when they attempted to escort him from his cell. Cornellier alleges that Kline grabbed him by the throat, threw him up against the wall, and then threw him face down on the bed placing his knee on Cornellier's neck. Cornellier alleges that Pickard used excessive force to restrain his legs.
 
 
 6
 In their motion for summary judgment and supplemental filings, appellees proffered evidence demonstrating that Cornellier became agitated and threatening when Kline and Pickard attempted to escort him out of his cell, and that Kline and Pickard used only the amount of force necessary to subdue Cornellier. The evidence also demonstrates that after Cornellier was subdued he was examined by medical officials and was found to have sustained no injuries.
 
 
 7
 Cornellier proffered no evidence that controverts the appellees' evidence.
 
 
 8
 Because there is no evidence that Kline and Pickard acted maliciously or sadistically to cause Cornellier harm, summary judgment was properly granted on this claim. See Hudson, 112 S.Ct. at 999; Celotex, 477 U.S. at 322.
 
 B. Disciplinary Hearing
 
 9
 An inmate facing a disciplinary hearing must be given advance notice of the hearing. Wolff v. McDonnell, 418 U.S. 539, 563-65 (1974). An inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety and correctional goals." Id. at 566. Prison officials are not required to afford inmates the opportunity to cross-examine witnesses. Id. at 567-69.
 
 
 10
 Cornellier's alleges that he was denied the right to question all witnesses, call his witnesses, and to submit evidence.
 
 
 11
 Cornellier, however, proffered no evidence supporting his allegations. Instead, the record establishes that Cornellier received the appropriate notice of his then impending disciplinary hearing and was given an opportunity to call witnesses. The record also establishes that Cornellier never called as witnesses the prison officials he alleges he was not allowed to question.
 
 
 12
 Because the record indicates that Cornellier received the due process mandated by the Constitution, summary judgment was properly granted on this claim. See Celotex, 477 U.S. at 322; Wolff, 418 U.S. 563-69.
 
 C. Access to the Courts
 
 13
 Prison officials are constitutionally required to provide inmates either access to adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). If an inmate does not claim a denial of access to adequate law libraries or legal assistance, he must show an actual injury: a specific instance in which he was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). However, "if one of the core requirements under Bounds is involved--the adequacy of either law libraries or legal assistance--then there is no 'actual injury' requirement." Id. (citation omitted).
 
 
 14
 A prisoner may suffer an actual injury if prison officials confiscate his legal documents. Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir.1989). However, the temporary deprivation of an inmate's legal supplies and materials does not, in all cases, rise to a constitutional deprivation. Id.
 
 
 15
 Cornellier alleges that while he was in isolation for ten days he was denied access to the law library and legal material.
 
 
 16
 In their motion for summary judgment, appellees argued that Cornellier failed to allege any actual injury as required under Sands, and, therefore, they were entitled to summary judgment on this claim. The district court granted appellees' summary judgment motion on this claim, finding that Cornellier was only temporarily deprived of his legal material and that he had failed to allege an "actual injury."
 
 
 17
 The district court correctly concluded that the temporary deprivation of legal supplies did not violate due process. See Vigliotto, 873 F.2d at 1202. Similarly, we affirm the district court's conclusion on Cornellier's claim that he was denied access to the law library, because we determine that the temporary deprivation of access to the law library did not interfere with Cornellier's reasonable access to the courts. See Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985) (the fact that an inmate must wait to use the library does not necessarily mean that he has been denied meaningful access to the courts). Moreover, Cornellier points to no need for access to the law library during the time he was in isolation.
 
 
 18
 Because there is not evidence that the temporary deprivation of legal material and access to the law library deprived Cornellier of his constitutional rights, summary judgment was properly granted on this claim. See Celotex, 477 U.S. at 322; Bounds, 430 U.S. at 828; Vigliotto, 873 F.2d at 1202; Lindquist, 776 F.2d at 858.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimouly finds the case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Cornellier claims that the district court denied him a jury trial in this action by granting appellees' motion for summary judgment. This claim is without merit