999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory Tyree BROWN, Plaintiff-Appellant,
v.
W.L. KAUTZKY; Lawrence Kincheloe; Robert Ledford; Steven
McDonald; Boyd L. Moreland, et al., Defendants-Appellees.
 No. 90-35836.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Brown, a state prisoner, appeals pro se the district court's dismissal of his action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against various officials and employees of Washington State Penitentiary and the Washington State Department of Corrections. Brown contends that the district court erred by dismissing the complaint without granting him leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 We review de novo a district court's dismissal for failure to state a claim and on statute of limitations grounds. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.) (failure to state a claim), cert. denied, 113 S.Ct. 599 (1992); Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989) (statute of limitations), cert. denied, 111 S.Ct. 951 (1991). Review is based on the contents of the complaint, and allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Buckey, 968 F.2d at 794.
 
 
 4
 In civil rights cases, where the plaintiff is pro se, the district court has an obligation to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). A pro se litigant must be given leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quotations omitted).
 
 
 5
 In his original complaint filed January 18, 1989, Brown alleged that on March 4, 1986, and December 26, 1986, employees of the Washington State Penitentiary searched his personal photo album and arbitrarily confiscated and destroyed a total of 68 photographs that he had cut out of his Jet and Essence magazines.[1] This action was allegedly conducted pursuant to a prison policy requiring magazines over 6-months old to be removed from prison cells as a fire hazard. Brown also alleged that officials failed to give him an opportunity to send the confiscated photographs to someone outside the prison, engaged in a practice of harassment and intimidation, denied him access to a full and fair grievance procedure, subjected him to unreasonable searches and seizures, and knowingly agreed to violate prison and Department of Correction published rules, regulations, policies, and procedures. Based on these allegations, the complaint raised claims under 42 U.S.C. §§ 1985 and 1986 and under 42 U.S.C. § 1983 for violations of First, Fourth, Seventh, Eighth, and Fourteenth Amendment rights.
 
 
 6
 We hold that the district court properly dismissed the section 1983 claims concerning a Fourth and Seventh Amendment violation for failure to state a claim, and the section 1986 claims as time-barred. See Hudson v. Palmer, 468 U.S. 517, 526, 528 n. 8 (1983) (Fourth Amendment proscription against unreasonable searches and seizures does not apply to prison cells); Bute v. Illinois, 333 U.S. 640, 657 n. 13 (1948) (right to jury trial in civil cases under the Seventh Amendment not applicable to the states); 42 U.S.C. § 1986 (one-year statute of limitations). In addition, because Brown has a meaningful post-deprivation remedy in the state system, the district court properly dismissed Brown's Fourteenth Amendment Due Process claims. See Hudson, 468 U.S. at 533.
 
 
 7
 Nonetheless, as to the other causes of action, the district court should have granted Brown leave to amend. For the 42 U.S.C. § 1985 claim, Brown should have been given an opportunity to amend his complaint in order to allege that the defendants' actions were motivated by racial or other class-based discriminations. Cf. Briley v. California, 564 F.2d 849, 859 (9th Cir.1977). For the 42 U.S.C. § 1983 claim concerning a violation of the First Amendment, Brown should have been given an opportunity to amend his complaint in order (1) to allege that his album of photographs were confiscated and destroyed on the basis of their content, see McCabe v. Arave, 827 F.2d 634, 638 (9th Cir.1987), or (2) to allege that the prison policy regarding magazines more than 6-months' old was overly broad in protecting the the prison's interest in reducing fire hazards, see Pepperling v. Crist, 678 F.2d 787, 790 (9th Cir.1982) (limitation must be no greater than necessary to protect the governmental interest involved). For the section 1983 claim concerning a violation of the Eighth Amendment, Brown should have been given an opportunity to allege that the searches and seizures of his photographs were part of a "calculated harassment." See Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989) (cruel and unusual punishment where searches of prison cells conducted only to harass).
 
 
 8
 We vacate and remand for the district court to grant leave to amend Brown's section 1985 claim and section 1983 claims concerning violations of the First and Eighth Amendment in accordance with this opinion. In granting leave to amend, the district court must notify the pro se litigant of the complaint's deficiencies to ensure that the litigant will amend effectively. See Noll, 809 F.2d at 1448.[2]
 
 
 9
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brown filed a motion for leave to file an amended complaint prior to the district court's decision to dismiss the complaint with prejudice. Because we vacate and remand for the district court to grant leave to amend the original complaint, we do not address the issue of whether the district court abused its discretion by denying Brown's earlier motion to amend
 
 
 [2]
 Because Appellees' arguments were not frivolous, Brown's motion to strike Appellees' brief and for sanctions is denied