21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ervin Charles ST. AMAND, Plaintiff-Appellant,
v.
Francis SMITH, Lt., individually and officially; John
Campbell; Dwaine Roberson; and David Sarnowski,
Defendants-Appellees.
 Nos. 92-15546, 92-15547.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided April 25, 1994.
 
 Before: HUG, FARRIS, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ervin Charles St. Amand, a Nevada state prisoner, appeals the district court's grant of summary judgment to the defendants in his action under 42 U.S.C. Sec. 1983. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 In 1987, St. Amand was incarcerated in the Nevada state prison. On September 1, 1988, Nevada transferred custody of St. Amand to the Los Angeles Police Department ("LAPD") in order to extradite him to California for a trial in Los Angeles. Two LAPD officers, defendants John Campbell and Dwaine Roberson, traveled to Nevada to escort St. Amand to Los Angeles. Defendant Francis Smith, a Nevada correctional officer, transferred St. Amand to the LAPD officers' custody. Campbell, Roberson, and Smith refused to allow St. Amand to take a box with him that contained his legal documents pertaining to his habeas corpus petitions. Smith took the box from St. Amand and gave it to the property officer on duty at the prison who stored the box and issued St. Amand a receipt.
 
 
 4
 St. Amand attempted to retrieve the box while in custody in Los Angeles. Nevada officials, other than the defendants, offered to mail the box to St. Amand if he would pay approximately $91.00 in postage costs. By the time St. Amand obtained the funds, Nevada officials, other than the defendants, had apparently destroyed St. Amand's documents.
 
 
 5
 St. Amand was convicted in Los Angeles on both charges he faced. His two habeas petitions were denied. He thereafter filed this 42 U.S.C. Sec. 1983 action contending that his constitutional right of access to the courts to prosecute his habeas petitions was denied by the defendants because they were responsible for the destruction of the box of legal documents. St. Amand believes that the lost documents would have allowed him to prevail in his attempt to block extradition to California.
 
 
 6
 Defendant Sharon Montgomery was never served with St. Amand's section 1983 complaint. The district court found that defendant Roberson was never properly served under Rule 4(c)(2)(C)(ii). Fed.R.Civ.P. 4(c)(2)(C)(ii) (1993). St. Amand contended that Roberson defaulted. The district court refused to enter default and allowed Roberson to appear, after which he moved for summary judgment. Defendant David Sarnowski was not served, but he made a special appearance and moved for summary judgment. Defendants Campbell and Smith also moved for summary judgment. St. Amand moved for summary judgment against all defendants. Adopting the magistrate's recommendation, the district court granted the defendants' motions and denied St. Amand's motion. This appeal followed.
 
 II.
 A. Defendant Montgomery
 
 7
 The district court dismissed St. Amand's third amended complaint with respect to Montgomery because Montgomery was never served with process. The burden is on St. Amand to present evidence establishing jurisdiction over Montgomery, including that she was properly served under the Federal Rules of Civil Procedure. See Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538 (9th Cir.1986). St. Amand offered no evidence that Montgomery was served with process. The district court did not err in dismissing the claims against her.
 
 B. Defendant Sarnowski
 
 8
 We review a grant of summary judgment de novo to determine, "viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990).
 
 
 9
 In granting summary judgment, the district court held that Sarnowski was absolutely immune from suit under 42 U.S.C. Sec. 1983 because Sarnowski acted as an attorney for the State of Nevada in contesting St. Amand's habeas petitions and in arranging for St. Amand's extradition to California. We agree.
 
 
 10
 The decisions by a prosecutor to allow extradition of an individual to the custody of another state, and to contest legal actions by that individual designed to block extradition, are activities "intimately associated with the judicial phase of the criminal process," such as a decision of "whether and when to prosecute." Imbler v. Pachtman, 424 U.S. 409, 430-31 & n. 33 (1976). Under Imbler, absolute immunity for Sarnowski is appropriate on these facts, and the grant of summary judgment was correct. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir.1984) ("Absolute prosecutorial immunity exists if the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity.").
 
 C. Defendants Smith, Campbell, and Roberson
 
 11
 St. Amand initially contends that the district court erred in refusing to enter a default judgment against Roberson. The district court has discretion to enter a default judgment if the requirements of Rule 55 are met. Fed.R.Civ.P. 55. We review findings of fact made with respect to the propriety of default for clear error, and the district court's determination not to enter default for abuse of discretion. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976 (1987).
 
 
 12
 The district court made a factual finding that Roberson was not properly served with process because there was no return to St. Amand of the acknowledgment required by Rule 4(c)(2)(C)(ii). Fed.R.Civ.P. 4(c)(2)(C)(ii). St. Amand made no effort to have service effected under other provisions of Rule 4. The district court's finding was not clearly erroneous. Because Roberson was not properly served, the district court did not abuse its discretion when it refused to enter default. See Mason v. Genisco Technology Corp., 960 F.2d 849, 852-53 (9th Cir.1992) (if service by mail under Rule 4(c)(2)(C)(ii) fails, further attempts at service under Rule 4 are required before default may be entered).
 
 
 13
 St. Amand next contends that the district court erred in granting summary judgment for Smith, Campbell, and Roberson. The court granted summary judgment because there was no evidence that any of them proximately caused St. Amand to be denied his right of access to the courts. We review the grant of summary judgment de novo. Nishimoto, 903 F.2d at 712.
 
 
 14
 St. Amand correctly contends that if his right of access to the courts was denied, then the officers are subject to liability under 42 U.S.C. Sec. 1983. Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.1989). However, "[t]he temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." Id.
 
 
 15
 The evidence presented by St. Amand does not show that Smith, Campbell, or Roberson participated in the eventual destruction of the documents. The defendants only refused to allow St. Amand to carry his legal files with him while he was extradited to Los Angeles. St. Amand received a receipt for his legal materials and could have obtained them had he paid for the postage. The defendants had nothing to do with the postage requirement or the destruction of the documents. Thus, even if the destruction of the records or the postage requirement could be considered constitutional violations, neither Smith, Campbell, nor Roberson proximately caused either occurrence. See Martinez v. California, 444 U.S. 277, 284-85 (1980); Vigliotto, 873 F.2d at 1203 (plaintiff's failure to recover materials taken from his cell was not the fault of the defendants).
 
 
 16
 The defendants were not responsible for the postage fee requirement nor for the ultimate destruction of the documents. Nor was it foreseeable to the defendants that the files would be destroyed. At most, these defendants were responsible for a temporary removal of St. Amand's box of legal materials from his possession and for putting them into storage. This does not rise to the level of a constitutional deprivation of St. Amand's right of access to the courts by these defendants. The district court properly granted summary judgment.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3