42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David E. JIROVEC, Plaintiff-Appellant,
v.
James BLODGETT, Defendant,
and
O. Patton; C/O Belanger;--C/O Younger; C/O Skramstad; C/O
Keithley, Defendants-Appellees.
 No. 94-35279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David E. Jirovec, a Washington state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. Sec. 1983 action. Jirovec contends that his constitutional rights were violated when prison guards retaliated against him for filing a prior court action by conducting three cell searches. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989), and affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (quotation omitted).
 
 
 4
 As a preliminary matter, defendants contend that this appeal should be dismissed because Jirovec failed to comply with the briefing requirements of Fed.R.App.P. 28. We reject defendants' contention because construed liberally, Jirovec's brief indicates that he is raising the same issues on appeal that he raised before the district court. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990) (explaining that pro se briefs should not be dismissed for failure to comply with the formal requirements of appellate briefs).
 
 
 5
 Jirovec contends that defendants conducted three cell searches to retaliate against him because he filed a federal lawsuit and helped other inmates with legal matters. This contention lacks merit.
 
 
 6
 Jirovec filed a federal action on November 19, 1991. Jirovec's cell was searched by defendant Skramstad on February 26, 1992, by defendants Patton, Tucker and Belanger on May 9, 1992, and by defendants Strang, Merrill and Croghan on October 2, 1992. The defendants averred that these searches were random cell searches, pursuant to regular prison policy, and not for the purpose of retaliation. All defendants state they did not know of Jirovec's prior lawsuit. All defendants except Strang state that they were not parties to Jirovec's prior lawsuit.
 
 
 7
 In response to this evidence, Jirovec presented only conclusory allegations that defendants had violated his rights. To support a claim of retaliation under section 1983, a prisoner must allege that (1) prison officials retaliated against him for exercising his constitutional rights, and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). Jirovec presented no evidence that the prison officials' actions in conducting the cell searches did not advance legitimate penological goals and he failed to show that prison officials retaliated against him. See id. Jirovec's bare allegations do not suffice to establish a retaliation claim and withstand summary judgment. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (sweeping conclusory allegations will not suffice to prevent summary judgment). To the extent Jirovec alleged that defendants violated his rights by removing some of his legal materials during the searches, the temporary deprivation of legal materials, even if they are not replaced, does not rise to constitutional proportion. Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3