53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Basil GOODRUM, Plaintiff-Appellant,
v.
Robert G. BORG, et al., Defendants-Appellees.
 No. 94-15000.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Basil Goodrum, a federal prisoner, seeks relief under 42 U.S.C. Sec. 1983 against seven named California Department of Corrections officials for (1) depriving him of access to the courts, (2) inflicting cruel and unusual punishment, and (3) failing to follow prison policies. The district court granted summary judgment for the defendants. We review de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and affirm.[1]
 
 I. BACKGROUND
 
 3
 Goodrum's complaint arises from the confiscation of legal material related to proposed lawsuits for (1) habeas relief, (2) legal malpractice, and (3) medical malpractice. In his verified complaint, Goodrum alleges that all original documentation and work product related to these claims was in the possession of his jailhouse lawyer Elmer Umbenhower. Some of Umbenhower's personal property, including legal material, was removed from his cell during a search conducted on June 8, 1990. A number of items of contraband were located including alcohol, razor blades, a nail and state property belonging to the prison library. The boxes in Umbenhower's cell were removed and sealed. Over the course of the next three business days, the boxes were inventoried, searched for contraband, and returned to Umbenhower's property box.
 
 
 4
 Umbenhower was placed in administrative segregation from June 9, 1990 to July 27, 1990. According to the defendants, all legal material and other allowable personal property was returned to Umbenhower on July 30, 1990. Umbenhower acknowledges that most of his legal material was returned, but states that "several items were missing, that all the files had been disassembled, several particular documents, pages, papers were missing [and in] some cases the whole file was missing."[2] Umbenhower does not further identify the missing items. As discussed below, Goodrum is able to add only marginally more detail.
 
 II. DISCUSSION
 A. Denial of Access to Courts
 
 5
 Goodrum contends that defendants' failure to return legal material confiscated from Umbenhower's cell violated his constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817 (1977). Goodrum does not allege in his complaint that he was denied adequate access to a law library or alternative sources of legal knowledge. To prevail on this claim, therefore, Goodrum must demonstrate an actual injury consisting of some specific instance in which conduct by prison officials denied him access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Goodrum has failed to produce evidence sufficient to create a genuine issue of material fact with respect to two essential elements of his claim.
 
 
 6
 There is no dispute that legal material was removed from Umbenhower's cell on June 8, 1990. Defendants' submitted affidavits that all noncontraband was returned to Umbenhower shortly after his release from administrative segregation. Although Umbenhower's declaration contests this fact, it does not identify Goodrum's papers as among those items that were missing. Because Goodrum would bear the burden of proving at trial that defendants' conduct caused the loss of his legal material, he has failed to present facts necessary to survive summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").
 
 
 7
 Assuming arguendo that some of Goodrum's legal material was destroyed, lost or retained by the defendants, Goodrum nonetheless fails to show that the loss of this property actually interfered with his access to the courts. Goodrum alleges generally that documents relevant to three lawsuits were removed from Umbenhower's cell and never returned.[3] At deposition, he testified that none of the three proposed lawsuits had actually been filed. He further testified this was a direct result of the loss of his legal materials on the June 8. With one exception, however, he is unable to articulate with any particularity what is actually missing. He does identify the declaration of Hector Orteas, now deceased, as crucial to his proposed claims for habeas relief and malpractice. He refused to divulge the substance of the declaration except to say that it concerned "a confession." Although this document sounds important, so far as it is described by Goodrum, its relevance to any possible habeas or malpractice claim is not apparent. Goodrum pled guilty to first degree murder.
 
 
 8
 In addition, he contends that he has not been able to replace Umbenhower's "work product." The declaration from Umbenhower does not specify what work, if any, had actually been done to prepare Goodrum's proposed cases for filling. Based on Goodrum's failure to identify and describe the missing documents, we conclude that he has not produced evidence sufficient to show that he was denied access to the courts.
 
 B. Cruel and Unusual Punishment
 
 9
 Goodrum complains that confiscation of his legal material from Umbenhower's cell constituted cruel and unusual punishment in violation of the Eighth Amendment. Goodrum does not point to any evidence in the record that contradicts sworn statements filed by the defendants establishing that the search and removal of property from Umbenhower's cell was conducted for legitimate, non-retaliatory reasons. Summary judgment on this claim was appropriate. See Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989) (Eighth Amendment protects prisoners from calculated harassment).
 
 C. Failure to Follow Prison Policies
 
 10
 In addition to alleging direct violations of the First, Eighth and Fourteenth Amendments, Goodrum contends that defendants have failed "to follow their own written policies." Prison regulations may create a constitutionally protected liberty interest if they "place[ ] substantive limitations on the exercise of official discretion." Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). The only prison regulations identified in Goodrum's complaint concern the prison's internal grievance procedures. Although these procedures are mandatory, they do not create substantive rights. See Cal.Code Regs. tit. 15, Secs. 3084-3084.7. Therefore, they do not give rise to a constitutionally cognizable liberty interest. Noonan, 992 F.2d at 989.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants' motion to augment the record is denied
 
 
 [2]
 Umbenhower's declaration was submitted with Goodrum's opposition to summary judgment. The district court granted defendants' motion to strike plaintiff's opposition on the ground that it was not timely filed. Because we do not reach the propriety of the district court's order in this regard, we consider the evidence offered by Goodrum
 
 
 [3]
 The complaint identifies the following documents:
 a. 70% of the investigative reports, supportive post-conviction relief declarations and related documents relative to the matter of People v. Goodrum ...;
 b. Notes, investigative reports, declarations and related information, i.e., "work product" that constituted parts of the trial attorney's case file, People v. Goodrum, supra;
 c. All supportive documentation and related evidence in the matter of Goodrum v. Moyer, attorney malpractice ...;
 d. All supportive documentation and related evidence in the matter of Goodrum v. Textor, et al. [Sec. 1983 claim based on medical malpractice]
 Subsequent to filing this lawsuit, Goodrum has been able to replace between 50 and 80 percent of the missing documents.