89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David LITMON, Jr., Plaintiff-Appellant,
v.
Una ALLENBAUGH, trust officer in prisoner accounts CSP
Solano; Davis, Mr.; C/O Blackwell; C/O Vasquez;
T Van Gelder; C/O Thomas; C/O
Negrete, Defendants-Appellees.
 No. 95-17302.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Litmon, Jr., a California state prisoner, appeals pro se the district court's summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 action. Litmon contends that prison officials denied him access to the courts by interfering with his possession of his legal materials and by denying him access to his prison trust account in retaliation for his failure to cooperate in the disposal of his excess legal material. He also contends that his property was confiscated without due process in violation of the Fourteenth Amendment. Finally, he contends that the prison officials violated his constitutional rights by verbally harassing him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 First, Litmon contends that he was denied access to the courts when prison officials removed some of his legal materials from his cell and shipped them out of the prison. Where a prisoner alleges a denial of access to the courts, he must demonstrate inadequate law libraries or assistance from persons trained in the law, or actual injury. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). A temporary delay in access to legal materials is not actionable. See Vigliotto v. Terry, 865 F.2d 1131, 1133 (9th Cir.1989). Here, Litmon has failed to demonstrate an actual injury from the temporary removal of some of his legal materials from his cell. Since he has not demonstrated an actual injury, his claim must fail. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994).
 
 
 5
 Second, Litmon contends that his property was confiscated without due process in violation of the fifth and fourteenth amendments, and that a hold was placed on his trust account in retailiation for filing grievances. Where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations of property constitute actionable violations of the Due Process Clause. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985). California provides for meaningful post-deprivation remedies in the form of tort claims against public officials. Cal. Gov't. Code §§ 900-985.
 
 
 6
 Moreover, in order to establish a retaliation claim, Litmon must demonstrate that: 1) he engaged in protected conduct; and 2) that the conduct of the prison officials in response to his conduct was arbitrary or lacked a legitimate penological justification. See Rizzo v. Goode, 778 F.2d 527, 532 (9th Cir.1985). Here, Litmon has shown nothing more than that he filed grievances. While filing grievances is conducted protected by the first amendment, Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995), Litmon has not demonstrated that the prison officials acts were arbitrary or retaliatory. Therefore, the district court correctly dismissed these claims.
 
 
 7
 Finally, Litmon contends that prison officials verbally harassed and threatened him. Allegations of verbal harassment or verbal abuse are not cognizable under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987).[1] Accordingly, the district court correctly granted summary judgment in favor of the prison officials in this § 1983 action. See Jesinger, 24 F.3d at 1130.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly dismissed this claim as frivolous pursuant to 28 U.S.C. § 1915(d)