89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. STOKES, Plaintiff-Appellant,
v.
Sgt. D. WEAVER; Sgt. S. Weaver; Sgt. M. Klein; T.
Gregerson, Defendants-Appellees.
 No. 94-35680.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond C. Stokes, a Washington state prisoner, appeals pro se the district court's denial of his request for injunctive relief and grant of summary judgment for defendant prison officials in his 42 U.S.C. § 1983 action alleging use of excessive force and denial of his right of access to the courts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 A. Eighth Amendment
 
 4
 Stokes contends that the district court erred by concluding that defendants did not use excessive force when they handcuffed him with his hands behind his back despite Stokes's protest that this manner of restraint would cause him further pain and injury. This contention lacks merit.
 
 
 5
 To determine whether prison officials used excessive physical force in violation of the Eighth Amendment, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citation omitted); accord Robins v. Meecham, 60 F.3d 1436, 1440 (9th Cir.1995). Prison administrators should be accorded wide-ranging deference in the context of preserving internal order and discipline and maintaining institutional security. Whitley v. Albers, 475 U.S. 312, 321-22 (1986).
 
 
 6
 Here, in support of their motion for summary judgment, defendants submitted prison regulations, Stokes's medical records and affidavits from defendants and the medical staff at the Washington State Penitentiary. This evidence established that defendants handcuffed Stokes from behind pursuant to prison policy which requires prison officials to handcuff inmates with their hands behind their backs and their palms out as a standard procedure of restraint. In addition, defendants demonstrated that Stokes did not have any objective medical condition which would require them to handcuff Stokes differently. Stokes's medical records indicated that his shoulder condition was normal, despite a previous injury. In opposition to defendants' motion for summary judgment, Stokes failed to submit evidence to support his allegation that defendants knew of Stokes's alleged medical condition. Furthermore, Stokes did not offer any medical reports which document that he was injured as a result of defendants' handcuffing him from behind. Thus, the district court did not err by concluding that defendants did not use excessive force in violation of Stokes's Eighth Amendment right. See Hudson, 503 U.S. at 6-7.[1]
 
 B. Access to the Courts
 
 7
 Stokes contends that the district court erred by concluding that he was not denied access to the courts because he failed to produce any evidence of actual injury. This contention lacks merit.
 
 
 8
 State prison authorities have an affirmative obligation to ensure that indigent prisoners have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). In access to the courts claims, we must first determine "whether the [prisoner] alleges a denial of 'adequate law libraries or adequate assistance from persons trained in the law.' " Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (quoting Bounds, 430 U.S. at 828). "[I]f the claims do not involve such an allegation, the court must consider whether plaintiff has alleged an 'actual injury' to court access. An 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the courts.' " Sands, 886 F.2d at 1171 (citation omitted). Furthermore, "a temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.1989).
 
 
 9
 Because Stokes did not allege denial of court access in connection with the adequacy of a law library or assistance from persons trained in the law, his claim did not satisfy the Bounds core requirements. See Bounds, 430 U.S. at 828; Allen v. Sakai, 48 F.3d 1082, 1085 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995). Therefore, Stokes is required to show that he suffered actual injury as a result of defendants' temporary deprivation of his legal materials. See Sands, 886 F.2d at 1171.
 
 
 10
 Stokes's contention that he suffered actual injury in three separate law suits because defendant Gregerson confiscated his legal papers lacks merit. Stokes could not show that he missed any filing deadlines from March through April, 1993, when he allegedly lacked access to his legal documents. The deadline for Stokes to file an amended complaint in Stokes v. McGuire lapsed before Stokes allegedly lacked access to his legal documents. See Stokes v. McGuire, No. CS92-325JLQ (E.D.Wash. Feb. 25, 1993) (order dismissing medical indifference claim with prejudice). In Stokes v. Wood, Stokes received an extension of time to file a reply brief and was able to file the reply brief before the due date. See Stokes v. Wood, No. C92-1508WD (W.D.Wash. Mar. 26, 1993) (order granting Stokes's motion for an extension of time). In Stokes v. Wartnik, Stokes timely filed a notice of appeal as well as an opening brief with this court. See Stokes v. Wartnik, No. 92-37027 (9th Cir. Dec. 31, 1992) (time schedule order); No. 92-37027, unpublished memorandum disposition (9th Cir. July 8, 1994). Thus, Stokes failed to demonstrate any actual injury because he did not miss any filing or other deadlines in the three cases in which he claims he was injured by defendants' actions. See Sands, 886 F.2d at 1170 (noting that no "actual injury" would result where prisoner submitted document "later than he would have liked but prior to the date it was due") (citations omitted); cf. Allen, 48 F.3d at 1085 (holding that pro se prisoner showed actual injury when a state court refused to file plaintiff's petition for post-conviction relief).
 
 
 11
 Accordingly, the district court did not err by granting summary judgment for defendants because Stokes failed to demonstrate any actual injury in his access to the courts claim. See Sands, 886 F.2d at 1170.
 
 C. Injunctive Relief
 
 12
 The district court construed Stokes's request for a temporary restraining order as a request for a preliminary injunction. Because we affirm the district court's grant of summary judgment, Stokes's appeal from the district court's denial of his request for preliminary injunctive relief is moot. See Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1450 (9th Cir.1992).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Stokes contends that prison officials were deliberately indifferent to his serious medical needs when they handcuffed him while in segregation, the district court properly granted summary judgment because Stokes failed to present evidence that he had a serious medical need. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.1992)