107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael G. HAYES, Plaintiff-Appellant,
v.
W. HORAN, Correctional Officer at CMF; W. Haynie, Sgt.
Stansell; Sgt D. Arcamone; C. Goodlow; C/O
Kinslow; B. Leonard, Defendants-Appellees,
and
M. Knoff; R. Randell; J. Harris, Defendants.
 No. 96-15588.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Michael G. Hayes appeals pro se the district court's summary judgment in Hayes's 42 U.S.C. § 1983 action alleging that defendants violated his Fourth and Eighth Amendment rights. Hayes alleged that defendants Horan and Haynie used excessive force to restrain him outside a Solano County courtroom, thereby allowing a deputy sheriff to take and read Hayes's legal materials. Hayes also alleged that defendants subsequently conspired to read his other legal materials and that they refused to provide medical treatment for his back condition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment, affirming if we determine that the nonmoving party failed to demonstrate a material factual dispute regarding an essential element of his claim. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 4
 Hayes contends that the district court erred by granting defendants summary judgment on his excessive force claim. This contention lacks merit.[1]
 
 
 5
 Here, Hayes failed to demonstrate that he sustained any physical injury when defendants Horan and Haynie restrained him outside of the Solano County Courtroom. Cf. id. at 1507. Thus, Hayes could not withstand summary judgment because he failed to demonstrate that defendants' "use of force against him was 'excessive' or 'brutal.' " Id.; see also Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989) (affirming a district court's summary judgment for defendants on plaintiff's Eighth Amendment claim because he failed to demonstrate any physical injury). Accordingly, we conclude that the district court properly granted summary judgment to defendants on Hayes's excessive force claim. See White, 901 F.2d at 1507; Vigliotto, 873 F.2d at 1203.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Hayes has not challenged the district court's conclusions regarding his medical treatment and conspiracy claims, Hayes has "waived any objections to those holdings and has abandoned those issues on appeal." Zimmerman v. Bishop Estate, 25 F.3d 784, 788-89 (9th Cir.) (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988), cert. denied, 115 S.Ct. 637 (1994)