766 F.2d 410
 Charles NAKAO and Helen Gabriel Nakao, Plaintiffs-Appellees,
v.
Ruth L. RUSHEN, Director, California Department of
Corrections, et al., Defendants,
J.P. Campbell, Individually and as Administrative Aid to the
Warden, San Quentin State Prison, San Quentin,
Ca., Defendant-Appellant.
 No. 84-2232.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1985.
Decided July 18, 1985.
 
 Nina Rivkind, Berkeley, Cal., for plaintiffs-appellees.
 Dane R. Gillette, Dep. Atty. Gen., San Francisco, Cal., for defendant-appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before HUG, SCHROEDER, and HALL, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 This is a section 1983 action brought by Charles Nakao, a prison inmate, and his wife, Helen Nakao, seeking damages for violation of their constitutional rights under the first, fourth, and fourteenth amendments of the United States Constitution for the seizure and dissemination of the Nakaos' personal correspondence. The action originally named state, county, and prison officials. The claims against all defendants except J.P. Campbell, a prison official at San Quentin State Prison, were dismissed at an earlier stage of the proceedings, either through settlement or rulings on motions. The district court granted a summary judgment on liability against Campbell; the parties stipulated to $5,000 for damages, and a final judgment was entered for the Nakaos and against Campbell in that amount. Campbell appeals.
 
 
 2
 The facts of this case are well set forth in prior published opinions of the district court, Nakao v. Rushen, 542 F.Supp. 856 (N.D.Cal.1982) and Nakao v. Rushen, 580 F.Supp. 718 (N.D.Cal.1984). We will only briefly summarize the facts.
 
 
 3
 The Nakaos were married on June 2, 1981. At that time, Mr. Nakao was an inmate at San Quentin Prison, and Mrs. Nakao was a social worker employed by the Contra Costa County Social Service Department. On June 8, 1981, the assistant director of the County Social Service Department, wrote a letter to George Sumner, the warden at San Quentin, in which he expressed concern about a possible conflict of interest arising from the Nakaos' marriage. He requested Warden Sumner to supply him with copies of all correspondence received by Mr. Nakao on Contra Costa County stationery.
 
 
 4
 Warden Sumner requested his assistant, J.P. Campbell, to investigate the matter. On June 22, 1981, Campbell ordered a search of Nakao's cell, with instructions to seize all correspondence with Contra Costa County letterhead. Nakao was not permitted to observe the search. Campbell read all of the material taken from Mr. Nakao's cell, made copies of the correspondence and had them mailed to Contra Costa County officials. Thereafter, Helen Nakao's employment with Contra Costa County was terminated, allegedly because of the correspondence supplied.
 
 
 5
 The district court ruled that Campbell violated Mr. Nakao's fourth amendment rights by ordering the search of his cell and Campbell's liability was based on this ruling, Nakao, 580 F.Supp. at 723. Subsequent to the district court's decision, the Supreme Court held that, because a prisoner does not have a reasonable expectation of privacy in his prison cell, the fourth amendment's proscription against unreasonable searches does not apply to the confines of a prison cell. Hudson v. Palmer, --- U.S. ----, 104 S.Ct. 3194, 3202, 82 L.Ed.2d 393 (1984). Thus, the judgment of the district court cannot be upheld on the grounds specified by the district court. The plaintiffs also raised in the district court claims for violation of first amendment rights and various state law claims. The district court did not rule on these claims. The judgment of the district court is vacated and remanded for consideration of the remaining claims of the plaintiffs.
 
 
 6
 VACATED and REMANDED.