955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allace Leeroy CORNELLIER, Plaintiff-Appellant,
v.
Robert HETRICK, et al., Defendant-Appellee.
 No. 91-15908.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 19, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allace Leeroy Cornellier, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants, prison officials, in his civil rights action. In his complaint, Cornellier alleged that a search of his cell by defendants violated his constitutional rights because the search was unreasonable, denied him access to the courts, and was conducted to harass him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Defendant Correctional Officer Hetrick and another correctional officer entered Cornellier's cell to search for a ring that had been reported stolen. During the search, the officers opened three sealed envelopes labelled "legal materials," confiscated a fan, and issued a disciplinary citation to Cornellier after he allegedly lunged at officer Hetrick. The district court found that: (1) the fourth amendment's prohibition on unreasonable searches does not apply to searches of prison cells; (2) there was no evidence that defendants lost or destroyed Cornellier's legal materials during the course of the search, or that the search caused any delay resulting in legal prejudice to Cornellier; (3) there was no evidence to indicate that the search and issuance of disciplinary citations were undertaken to harass Cornellier; and (4) there was no constitutional violation in defendants's confiscation of a fan from Cornellier's cell because he has an adequate state post-deprivation remedy for loss of property.
 
 
 4
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the substantive law was correctly applied. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1990).
 
 
 5
 A state prisoner has no reasonable expectation of privacy in his prison cell entitling him to protection of the fourth amendment against unreasonable searches and seizures. Hudson v. Palmer, 468 U.S. 517, 527-28 (1983); Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985). A prisoner's claim of denial of access to the courts must be based on "actual injury" consisting of some specific instance in which the prisoner was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). A prison official's unauthorized intentional deprivation of a prisoner's property is not a violation of the fourteenth amendment due process clause if there exists an adequate state post-deprivational remedy for the property loss. Hudson, 468 U.S. at 533.
 
 
 6
 Here, because Cornellier is not entitled to fourth amendment protection within his prison cell, the district court did not err by granting summary judgment for the defendants on his claim of an illegal search of his cell and seizure of his fan. See id. at 527-28. Furthermore, Cornellier has not alleged a specific instance of being denied access to the courts due to the defendants's opening of the envelopes alleged to contain legal materials. See Sands, 886 F.2d at 1171. Cornellier's claims of harassment also are unsupported by specific instances of retaliatory or punitive conduct by the defendants. Finally, there can be no due process claim resulting from the allegedly unauthorized intentional confiscation of Cornellier's fan because there is an adequate post-deprivation remedy under Arizona law. See Hudson, 468 F.2d at 533. Thus, the district court did not err by granting summary judgment for the defendants on these claims.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4. Accordingly, Cornellier's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3