958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. LANGLEY, Plaintiff-Appellant,
v.
James GIBBESON, Defendant-Appellee.
 No. 91-35233.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William A. Langley, an Idaho state prisoner, appeals pro se the district court's summary judgment in favor of the defendant in Langley's 42 U.S.C. § 1983 action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.[1]
 
 
 3
 Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See Hampshire Ins. Co. v. Viera, 930 F.2d 696, 697 (9th Cir.1991); Fed.R.Civ.P. 56(c).
 
 
 4
 The moving party has the initial burden to show that there are no genuine issues of material fact. T.W. Elec. Serv. v. Pacific Elec. Contractor's Assoc., 809 F.2d 626, 632 (9th Cir.1987). The burden on the moving party may be discharged by pointing to portions of the pleadings, admissions, answers to the interrogatories and depositions, along with any affidavits, which show the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 5
 The nonmoving party may not rely on denials in the pleadings, but must produce specific evidence through affidavits or admissable discovery material to show that there is a genuine issue for trial. See Fed.R.Civ.P. 56(e); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 6
 Langley contends that the defendant, and Idaho state prison official, violated his constitutional rights when he wrongfully confiscated and copied his legal documents, correspondence, and court records. The defendant admits that Langley's written materials were confiscated from his cell. The defendant, however, filed an affidavit stating that the seizure of the documents was part of an ongoing investigation into an allegedly forged document which created a prison security risk. The document that was the subject of the investigation was found among Langley's files and confiscated.
 
 
 7
 A state prisoner has no reasonable expectation of privacy in his cell entitling him fourth amendment protection against unreasonable searches and seizures. Hudson v. Palmer, 468 U.S. 517, 527-28 (1984); Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985). Therefore, to the extent that Langley alleges a fourth amendment violation, the district court did not err in granting summary judgment in favor of the defendant with respect to the search of Langley's cell and the seizure of his documents. See Nakao, 766 F.2d at 412. Moreover, Langley's allegations do not establish an eighth amendment violation. See Hudson, 468 U.S. at 530 (searches conducted for "calculated harassment" may violate eighth amendment).
 
 
 8
 Langley also asserts that the seizure of the documents denied him access to the courts. If, as here, a prisoner's claim of denial of access to the courts is not based on inadequate law libraries or inadequate assistance from persons trained in the law, the claim must be based on "actual injury" consisting of some specific instance in which the prisoner was denied access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Langley has not alleged a specific instance of being denied access to the courts. He merely states in his complaint that the confiscation of his documents placed his legal actions in jeopardy. Moreover, the defendant testified that Langley's legal files were returned within 22 hours. See Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.1989) (three-day deprivation of legal materials is not a denial of access to the courts). Although Langley asserts that some documents were not returned, his conclusory allegations in his pleadings are insufficient to establish a genuine issue of material fact regarding denial of access to the courts. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1044. Given these circumstances, the district court did not err in granting summary judgment in favor of the defendant on this claim. See id.
 
 
 9
 Langley also contends that during an interview with the defendant, the defendant allegedly threatened Langley with administrative segregation in order to obtain information about the memo thought to have been forged. Mere verbal harassment or abuse, however, is insufficient to state a constitutional deprivation under 42 U.S.C. § 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 137 (9th Cir.1987) (citing Collins v. Cundy, 603 F.2d 825 (10th Cir.1979)); cf. Gaut v. Sunn, 792 F.2d 874, 875 (9th Cir.1986) (allegations by prisoner that he was threatened with bodily harm by prison officials in order to prevent him from pursuing legal redress for beatings stated cause of action under section 1983 for denial of right of access to courts). Therefore, the district court did not err in granting summary judgment in favor of defendant on this claim. See Oltarzewski, 830 F.2d at 137.
 
 
 10
 Finally, the district court did not err in granting summary judgment in favor of the defendant on Langley's claim for the intentional deprivation of his property. The defendant testified that the files taken from Langley were returned within 22 hours, except for the allegedly forged memo and two letters to the governor. The defendant further testified that these documents were produced during discovery in this action. Langley's conclusory allegations in his pleadings and on appeal that certain documents were not returned do not establish a genuine issue of material fact. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1044.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendant has moved to dismiss Langley's appeal because the notice of appeal was not filed within thirty days of the district court's order granting summary judgment. See Fed.R.App.P. 4(a)(4). We note, however, that there was no separate entry of judgment pursuant to Fed.R.Civ.P. 58 in the district court. The time for appeal does not start running until a judgment is entered in compliance with Fed.R.Civ.P. 58 and 79(a). See Fed.R.App.P. 4(a)(6); Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987). Langley's appeal may therefore be considered timely. See id. Accordingly, the defendant's motion to dismiss this appeal is denied