42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose L. Admiral ROSSELL, Plaintiff-Appellant,
v.
Neil EMORE; Lisa Enfield, Defendants-Appellees.
 No. 94-15494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Jose L. Admiral Rossell appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against prison officials. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Contrary to Rossell's assertion, the district court dismissed this action pursuant to Fed.R.Civ.P. 12(b)(6), not 28 U.S.C. Sec. 1915(d). We therefore review de novo whether Rossell has failed to state a claim and whether it is absolutely clear he could not amend his complaint to cure deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1447-49 (9th Cir.1987). We hold the district court correctly dismissed Rossell's claims that his prison cell was searched in his absence, that his property was damaged during the search, and that these actions were intended to harass him.
 
 
 4
 Rossell has no claim regarding the search of his cell because the Fourth Amendment does not apply to such searches, Nakao v. Rushen, 766 F.2d 410, 411-12 (9th Cir.1985), and Arizona prison regulations do not create a due process right to be present during cell searches, compare Walker v. Sumner 14 F.3d 1415, 1419 (9th Cir.1994) (state creates due process right where law substantively limits official discretion) with Arizona Department of Corrections, Internal Management Policy No. 301.16, pt. 5.1.1.9 (1992) ("An inmate may be present, but need not be present, during a search of the inmate's living area."). The regulation requiring a written report of cell searches conducted in a prisoner's absence, id. pt. 5.1.1.9.1, does not confer a due process right because it is not a "substantive predicate" to official decisions regarding Rossell. See Walker, 14 F.3d at 1419.
 
 
 5
 Rossell also has no claim under the Fourth or Eighth Amendment for the seizure or destruction of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989); Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989). The only constitutional basis for his claims alleging intentional damage to property is the Fourteenth Amendment, but he cannot bring these claims under section 1983 because they only concern allegations of random and unauthorized acts for which Arizona law provides an adequate post-deprivation remedy. See Taylor, 871 F.2d at 806-07; Ariz.Rev.Stat.Ann. Secs. 12-820 to -826 (governing actions against public entities and employees); see also Howland v. State, 818 P.2d 1169, 1172-73 (Ariz.Ct.App.1991). Although Arizona authorities may not have "resolve[d] plaintiff's problem with a post-deprivation remedy," as Rossell contends, the availability of an adequate remedy under state law is sufficient to bar Rossell's claims under section 1983. See Raditch v. United States, 929 F.2d 478, 481-82 (9th Cir.1991). Finally, any claim Rossell might have for negligence simply is not cognizable under section 1983. Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir.1989).
 
 
 6
 Because it is absolutely clear the deficiencies of Rossell's complaint cannot be cured by amendment, the district court did not err by dismissing the action for failure to state a claim. See Noll, 809 F.2d at 1448. In light of our holding, we need not consider defendants' qualified immunity, an alternate basis on which the district court dismissed this action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rossell's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3