67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael A. CHRISTOPHER, Plaintiff-Appellant,
v.
James GOMEZ, Director, California Department of Corrections;
L. Snider, Warden, California Correctional Institute;
Alipaz, Correctional Officer; Saladna, Correctional
Officer; Howard, Correctional Officer; Sneed, Correctional
Officer; Gamboa, Correctional Officer; Gatti, Correctional
Officer; Yoder, Correctional Officer; Gonzalez,
Correctional Officer Defendants-Appellees.
 No. 94-17175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael A. Christopher, a California state prisoner, appeals pro se the district court's judgment on the pleadings in favor of James Gomez, the Director of the California Department of Corrections, L. Snider, the Warden of the California Correctional Institute ("CCI"), and eight correctional officers at CCI in Christopher's 42 U.S.C. Sec. 1983 action. Christopher contends that the district court erred by granting defendants' motion for judgment on the pleadings without providing him an opportunity to cure the deficiencies of his complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 We review the district court's entry of judgment on the pleading de novo. See General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Church, 887 F.2d 228, 230 (9th Cir.1989), cert. denied, 493 U.S. 1079 (1990). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." Id.; Fed.R.Civ.P. 12(c). Before entering judgment based on an inadequate pro se complaint, a district court should briefly explain the deficiencies of the complaint to the pro se litigant and provide leave to amend "unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).
 
 Eighth Amendment Claim
 
 4
 "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of " 'the minimal civilized measure of life's necessities.' " Id. (quoting Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994)). "The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. A prisoner states an Eighth Amendment claim by alleging facts that there was a substantial risk of serious harm of which defendants were deliberately indifferent. Farmer, 114 S.Ct. at 1982-83.
 
 
 5
 Here, Christopher alleged that correctional officers violated his Eighth Amendment rights by intentionally and maliciously housing him with prisoners who pose a threat to him, specifically, homosexual prisoners who "continuously [made] sexual advances toward [him]," and "mentally and/or emotionally disturbed persons." Although Christopher's complaint failed to allege that the placement of these prisoners in his cell caused him injury or created a substantial risk of serious harm, the district court did not provide him an opportunity to amend his complaint. Because such a deficiency could be cured by amendment, we vacate and remand this case. See Farmer, 114 S.Ct. at 1976-77; Noll, 809 F.2d at 1449.
 
 
 6
 Similarly, although Christopher's complaint failed to allege that the policies adopted and implemented by Director Gomez and Warden Snider created a substantial risk of serious harm of which they were deliberately indifferent, Christopher should have been given an opportunity to amend his complaint. Noll, 809 F.2d at 1449.
 
 Retaliation Claim
 
 7
 A prisoner suing prison officials under section 1983 for retaliation must allege that: (1) he was retaliated against for exercising his constitutional rights; and (2) the retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve those goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). Christopher alleged that correctional officers retaliated against him for exercising his First Amendment right to petition the court for redress. Christopher also alleged that correctional officers threatened to move "a 200 pound homosexual" into his cell "since he liked to complain." Because Christopher alleged that the action was taken in response to his constitutionally protected activity, see Bradley v. Hall, No. 94-35844, slip op. at 10517 (9th Cir. Aug. 23, 1995), and because he alleged that the action did not advance the legitimate goals of the prison, he stated a claim for retaliation. See Rizzo, 778 F.2d at 532.
 
 
 8
 Although Christopher has not alleged sufficient facts to state a claim against Warden Snider and Director Gomez, he should have been informed of the deficiencies and given an opportunity to amend his complaint. See Noll, 809 F.2d at 1449.
 
 Right of Access Claim
 
 9
 To state a claim for denial of the Fourteenth Amendment right of access to courts where the adequacy of law libraries or legal assistance is not involved, a prisoner must allege "actual injury," defined as "some specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (internal quotations omitted). Allegations that a prison policy results in the breach of confidentiality of prisoners' legal documents states a claim for denial of the right to meaningful access to the courts. See Casey v. Lewis, 43 F.3d 1261, 1266 (9th Cir.1994), cert. granted, 115 S.Ct. 1997 (1995).
 
 
 10
 Here, Christopher alleged that he was denied the right of access to the courts by defendants' failure to provide secure storage space in cells for the legal materials of double-celled prisoners, and Department of Correction's and prison policies that encourage prisoners to search each others materials and pass the information on to prison officials. Christopher's complaint failed to state a valid right of access claim because he did not allege "actual injury." However, he should have been given an opportunity to amend his complaint. See Sands, 886 F.2d 1171-72; Noll, 809 F.2d at 1448.
 
 Fourth and Fifth Amendment Claims
 
 11
 The district court properly entered judgment without leave to amend on Christopher's Fourth Amendment and Fifth Amendment claims because a state prisoner has no reasonable expectation of privacy in his cell entitling him to Fourth Amendment protection against unreasonable searches and seizures, see Hudson v. Palmer, 468 U.S. 517, 527-28 (1984); Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985), and his Fifth Amendment right to be free from self-incrimination could not be violated by another prisoner "becoming a state informant."
 
 
 12
 Each party to bear their own costs.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3