139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Louis SANDON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; J.C. Keeney, Assistant
Director/Phoenix ADOC; Bob Goldsmith; Roger Crist, Warden;
James Thomas, Warden Tucson; John Avenenti, Deputy Warden
ASU/Florence; James Adams, Deputy Warden, Florence;
William Gaspar, Deputy Warden, Tucson; Jeff Hood, Deputy
Warden, Tucson; Chuck Ryan, Deputy Warden ADOC; James
McFadden, Warden; John Holihan, Deputy Warden, Tucson;
James Upchurch, Warden, SMU Florence; Frank Terry, Major,
Florence; Don Garvin, Captain, Tucson; Rillos, Captain,
Tucson; Coleman, Lt.; J. Young, Lt., Howard, Lt.; Cluff,
Sgt., Florence; K. McConnell, Sgt ., Tucson; Woods, Sgt.,
ADOC; Robert Ness, Sgt., Tucson, ADOC; Kenneth Tickle,
Officer, Tucson; Bruce Raske, Officer, Florence; Foley,
Officer, Tucson; Squire, Officer, Florence; Jorge De La
Garza, Officer, Tucson; S. Epperson, Officer, Tucson; John
Kohl, Administrator, Florence; Lino Pisano, Administrator,
Florence; Denise Andre, Administrator, ADOC; Donna
Knudson, Administrator, Tucson; John Orzel, Administrator,
Tucson; Pam Vanelli, Administrator, Tucson; John
McFarland, Administrator, ADOC; W.E. Pachnowski, Internal
Investigator, Tucson; D.J. Simon, Internal Investigator,
Tucson; Savalas, Internal Investigator, Florence; Edward
Silvas, Counselor, ASU/Florence; Jack Boes, Counselor, ASU;
Guiterrez, Counselor, ASU/Florence; J. Miles, Counselor,
ASU/Florence; T. Cenzano, Counselor ASU/Florence; Mike
Coe, Counselor SMU/Florence; Jeff Flamand, Counselor,
Tucson; Larry Melow, Counselor, Florence; John Payne,
Counselor, Tucson; J. Edwards, Counselor, ADOC; Michael
McFarland, Inmate Confidential Informant/Tucson ADOC; L.
Roe, Officer, Defendants-Appellees.
 No. 96-15295.
D.C. No. CV-91-00985-PGR.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1997**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding.
 Before HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Louis Sandon, an Arizona state prisoner, appeals pro se the district court's order granting summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of his First, Fourth, Eighth and Fourteenth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order granting summary judgment, see Tellis v. Godinez, 5 F.3d 1314, 1315 (9th Cir.1993), and we affirm.
 
 A. First Amendment Claims
 
 3
 An inmate's speech and associational rights may be subject to reasonable restrictions in light of legitimate concerns over institutional security. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-26, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). Defendants cautioned Sandon about his association with fellow inmates in light of Sandon's suspected gang affiliation and influence over fellow inmates. Moreover, Sandon's deposition demonstrated that he did not stop communicating with his fellow inmates after defendants cautioned him about associating with certain inmates. Accordingly, the district court did not err by granting summary judgment for defendants on this claim. See Turner, 482 U.S. at 89; Jones, 433 U.S. at 125-26.
 
 B. Fourth Amendment Claims
 
 4
 Sandon argues that prison officials violated his Fourth Amendment rights when they searched his cell. Prisoners have no expectation of privacy in their cells protected by the Fourth Amendment. See Hudson v. Palmer, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Nakao v. Rushen, 766 F.2d 410, 412 (9th Cir.1985).
 
 
 5
 Sandon also argues that defendants violated his Fourth Amendment rights by subjecting him to body cavity searches when he returned to his unit after visiting the law library. Routine visual body cavity searches, conducted after the prisoner may have the opportunity to obtain contraband, do not violate prisoners' Fourth Amendment rights. See Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Rickman v. Avaniti, 854 F.2d 327, 328 (9th Cir.1988).
 
 
 6
 Finally, Sandon argues that prison officials violated his Fourth Amendment rights by subjecting him to random drug testing through provision of urine samples. Because we have upheld random urinalysis of federal prison employees to deter drug use against a Fourth Amendment challenge, we conclude that random urinalysis for drug use does not violate an inmate's Fourth Amendment rights. See American Fed'n of Gov't Employees, AFL-CIO v. Roberts, 9 F.3d 1464, 1466-68 (9th Cir.1993); see also Rise v. Oregon, 59 F.3d 1556, 1558-62 (9th Cir.1995), cert. denied, 517 U.S. 1160, 116 S.Ct. 1554, 134 L.Ed.2d 656 (1996) (holding that extraction of blood to create DNA bank for certain classes of prisoners does not violate Fourth Amendment).
 
 
 7
 Accordingly, the district court did not err by granting summary judgment for defendants on Sandon's Fourth Amendment claims. See Hudson, 468 U.S. at 525-26; Bell, 441 U.S. at 558; American Fed'n, 9 F.3d at 1467-68.
 
 C. Access to the Courts Claim
 
 8
 Because Sandon presented no evidence that he suffered an "actual injury" due to alleged deficiencies in library access and legal assistance, we conclude that the district court did not err by granting summary judgment for defendants on this claim. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994).
 
 D. Retaliation Claim
 
 9
 Upon our review of the record, we are unable to discern which constitutional right Sandon exercised which gave rise to the alleged violation. Moreover, our review of the record shows that defendants had legitimate penological reasons for the alleged retaliatory actions against Sandon. Hence, the district court did not err by granting summary judgment for defendants on this claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).[1]
 
 E. Eighth Amendment Claims
 
 10
 To sustain an Eighth Amendment claim, Sandon must prove a denial of "the minimum civilized measure of life's necessities, occurring through deliberate indifference by prison personnel or officers." See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996) (internal citations omitted).
 
 
 11
 Because Sandon did not submit any evidence concerning the conditions of confinement at the Santa Rita Unit at Tucson, we conclude that the district court did not err by granting summary judgment for defendants on Sandon's Eighth Amendment claims with respect to his incarceration at the Santa Rita Unit.
 
 
 12
 Sandon did submit evidence concerning the conditions of confinement in the Special Management Unit at Florence ("SMU"). In his affidavit, Sandon alleged that he was denied his medical diet, treatment for his light sensitivity (which was exacerbated by sixteen hours of fluorescent light a day), and access to medical personnel. However, because Sandon presented no evidence that he was denied life's necessities through the deliberate indifference of prison personnel, we conclude that the district court did not err by granting summary judgment for defendants on Sandon's Eighth Amendment claims.
 
 F. Fourteenth Amendment Claims
 
 13
 Sandon was placed in administrative segregation on March 6, 1990 because defendants suspected him of possessing narcotics. On May 3, 1990, he was placed in administrative segregation because defendants suspected him of possessing a knife. He was placed in administrative segregation on November 24, 1990, and transferred to the SMU on November 28, 1990, because defendants suspected him of instigating and organizing a demonstration concerning the delivery of Christmas packages to inmates.
 
 
 14
 To establish a violation of the Due Process Clause, Sandon must show that he has a liberty interest at stake. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Liberty interests of prisoners are generally limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Administrative segregation falls within the terms of confinement ordinarily contemplated by a prison sentence. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 312, 139 L.Ed.2d 241 (1997). Hence, prisoners do not have a liberty interest in not being placed in administrative segregation. Id.
 
 
 15
 Accordingly, we affirm the district court's grant of summary judgment for defendants on this claim.
 
 G. Motion To Amend Complaint
 
 16
 The district court denied Sandon's motion to amend his complaint to respond to the Supreme Court's decision in Sandin v. Conner.
 
 
 17
 Since the proposed Second Amended Complaint merely realleged claims dismissed by the district court's March 22, 1995 Order, the court denied the motion on the grounds of futility. The district court did not abuse its discretion in refusing leave to amend the complaint when the amendments could not affect the outcome of the action. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1292-93 (9th Cir.1983).
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Sandon contends that defendants violated his constitutional rights by verbally harassing or threatening him, such allegations cannot state a claim under § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996)